---

(No. 12070.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* W. J. LOGAN, Plaintiff in Error.

*Opinion filed June 20, 1918.*

1. CONSTITUTIONAL LAW—*when police power may be exercised for the regulation of trades.* An individual has the right to pursue, without restriction, any trade or calling which is not injurious to the public, and the exercise of the police power for the regulation of trades can be justified only on the ground of necessity for the health, safety or welfare of society.

2. SAME—*reasonable regulation of barber trade is within police power.* The reasonable regulation of the barber trade is within the scope of the police power of the State for the promotion of the public health, safety and welfare, and a requirement of three years' apprenticeship of persons learning the trade is not an unreasonable restriction upon the right to engage in the occupation.

3. SAME—*act of 1909 for regulation of barber trade does not make illegal classification.* The act of 1909 for the regulation of the barber trade, (Laws of 1909, p. 98,) requiring three years' apprenticeship of persons learning the trade, does not constitute class legislation because it does not apply to barbers already engaged in the occupation, as the act is prospective, only, in its operation.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

M. L. IGOE, and W. J. FLAHERTY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error presents the question of the constitutionality of an act of the General Assembly approved June 10, 1909, entitled "An act to regulate the pursuit of the business, art and avocation of a barber, and to insure the better qualifications of persons following such business in the State of Illinois." (Laws of 1909, p. 98.) The plaintiff in error was convicted in the municipal court of Chicago of violating the provisions of section 13 of this act by employing a barber without a license in a barber shop which the plaintiff in error, being regularly licensed to pursue the business, art and avocation of a barber, conducted in the city of Chicago.

The act declares it unlawful for any person to follow the occupation of a barber unless he shall have obtained a certificate of registration as provided in the act. A board of three examiners is created, whose duty it is made to hold examinations of applicants for registration. It is required of every applicant that he shall have studied and practiced the trade for three years as an apprentice under one or more practicing barbers or in a properly appointed and conducted barber school under the instructions of a competent barber, or practiced the trade for at least three years in this State or other States, and be possessed of the requisite skill in such trade to properly perform all the duties thereof, including the preparation of the tools, shaving, hair-cutting and all the duties and services incident thereto, and that he have sufficient knowledge concerning the common diseases of the face and skin to avoid the aggravation and spreading thereof in the practice of his trade. A fee of three dollars must be paid by each applicant, and the certificate of registration issued to him must be renewed annually, for which

renewal a further fee of one dollar must be paid. Provision is made for the registration, without an examination, of persons actually engaged in the occupation of a barber in this State within ninety days after the approval of the act.

It is argued that the provisions of the act are in violation of sections 1 and 2 of article 2 and section 22 of article 4 of the State constitution and of the fifth and fourteenth amendments to the constitution of the United States, because they have no relation to the public health, safety, welfare or comfort. An individual has the right to pursue any trade, calling or occupation, without restriction, which is not injurious to the public. The exercise of the police power for the regulation of any trade, occupation or calling can be justified only on the ground of necessity for the health, safety, welfare or comfort of society. (*Bessette* v. *People,* 193 Ill. 334.) The trade of a barber brings him in direct contact with the persons of his patrons, and careless and unsanitary practices in his trade may induce diseases of the skin. Sycosis (popularly known as barber's itch) is a common form of disease of the face and scalp propagated by the use of infected razors and brushes. Other and more serious diseases may also be similarly spread. It cannot be said that the reasonable regulation of the trade of a barber has no relation to the health and safety of the public. Such regulation is therefore within the scope of the police power which the State inherently possesses to restrain and control the exercise of private rights in such manner as may be necessary and appropriate to promote the public health, safety and welfare.

The act does not require persons engaged in the occupation of a barber in this State at the time of the passage of the act to be examined, but provides that a certificate of registration shall be granted to any such person upon his filing with the board of examiners, within ninety days after the approval of the act, an affidavit setting forth his name, residence, the length of time and the place where he has

practiced the trade, and paying a fee of one dollar. This certificate must be renewed annually. It is argued that the act provides no protection against the incompetence and ignorance of barbers who were engaged in the business at the time of the passage of the act and is class legislation, intended to restrict those engaged in the trade of a barber in the interest of a favored class,—that is, those already engaged in that occupation. The statute was intended to be prospective, only, in its operation, and it was not unreasonable to provide that it should not apply to those already engaged in·the business upon condition that they should apply, in conformity with the act, for registration within ninety days of its approval. The first act to regulate the practice of medicine in 1877 provided that it should not apply to those who had been practicing medicine for ten years within the State, and it was held in *Williams* v. *People*, 121 Ill. 84, that it did not for that reason confer any special privilege, immunity or franchise upon those who ·had practiced medicine within the State for ten years and did·not violate section 22 of article 4 of the constitution.

It is argued that the requirement of three years' service as an apprentice or study in .a barber school has no direct relation to the public health or safety but is rather intended to restrict and discourage the public from engaging in this occupation. The intention is to restrict the public from engaging in this occupation to the extent that only those may do so who have learned the trade, know how to prepare, use and care for the tools, know what sanitary precautions must be taken to avoid the risk of spreading disease, and are acquainted with the sanitary regulations which the board of examiners is authorized by section 11 to adopt. Three years seems a long time to require for learning the trade of a barber, but we cannot say that it is so unreasonably long as to constitute an unreasonable restriction upon the right to engage in the trade.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*