TRUMPER ET AL., RESPONDENTS, *v.* SCHOOL DISTRICT No. 55, ET AL., APPELLANTS.

(No. 4,209.)

(Submitted June 13, 1918. Decided June 20, 1918.)

[173 Pac. 946.]

*Public Schools—Teachers' Pensions—Statutes—Constitution.*

Teachers' Pensions—Statute—Constitutionality.
  1. *Held,* that Chapter 95, Laws of 1915, providing for teachers' pensions, is not invalid as in contravention of sections 3 and 23 of Article III; section 26, Article V, and section 11, Article XII, of the state Constitution, nor as offending against the clauses of the federal Constitution prohibiting the taking of property without due process of law and denying the equal protection of the laws (Fifth and Fourteenth Amendments, U. S. Const.)

Statutes—"Special," "Private" and "Local" Acts.
  2. A "special" or "private" Act is one operating only on particular persons and private concerns; a "local" Act is one applicable only to a particular part of the legislative jurisdiction.

  [As to what are local or private Acts, see notes in 23 **Am. Dec.** 543; 1 **Am. St. Rep.** 903.]

For authorities discussing the question of constitutionality of teachers' pension law, see note in **L. R. A.** 1918A, 526.

Teachers' Pensions—Validity—Legislative Questions.
   3.   With economic defects and objections having to do with mat-
   ters of detail in the scheme of teachers' pensions provided by
   Chapter 95, Laws of 1915, courts are not concerned, such considera-
   tions being for the legislature.

*Appeal from District Court, Musselshell County; A. C.
Spencer, Judge.*

ACTION by May Trumper, Superintendent of Public Instruc-
tion, and others, constituting the Public School Teachers' Re-
tirement Salary Fund Board, against School District No. 55 of
Musselshell County, Montana, and O. R. McVay, Clerk.  Judg-
ment for plaintiffs, and defendants appeal.  Affirmed.

*Mr. W. M. Mercer,* for Appellants, submitted a brief.

Citing: *State* v. *Rogers,* 87 Minn. 130, 58 L. R. A. 663, 91
N. W. 430; *Hibbard* v. *State,* 65 Ohio St. 574, 58 L. R. A. 654,
64 N. E. 109; 35 Cyc. 1108; *People* v. *Raynes,* 198 N. Y. 539, 92
N. E. 1097; 15 Cyc. 578; *Billings Sugar Co.* v. *Fish,* 40 Mont.
256, 20 Ann. Cas. 264, 26 L. R. A. (n. s.) 973, .106 Pac. 565;
*Cunningham* v. *Northwestern Imp. Co.,* 44 Mont. 180, 203, 119
Pac. 554, 1 N. C. C. A. 720; *Colvill* v. *Fox,* 51 Mont. 72, 79, 149
Pac. 496; *State* v. *Policemen's Pension Fund,* 121 Wis. 44, 98
N. W. 954; 12 C. J. 1020; *People* v. *Coler,* 173 N. Y. 103, 65
N. E. 956.

*Mr. S. C. Ford,* Attorney General, and *Mr. R. L. Mitchell,*
Assistant Attorney General, for Respondents.

MR. JUSTICE SANNER delivered the opinion of the court.

This appeal assails the validity of Chapter 95, Session Laws
of 1915—particularly sections 1, 4, 5, 13, 14, 15, 16, 17 and 18
—known as the "Teachers' Pension Law," held by the judg-
ment below to be valid and enforceable.  In substance, these
provisions are: Section 1, creating the public school teachers'
retirement salary fund and the public school teachers' per-
manent fund, the latter made up of "contributions made by

teachers as hereinafter provided," income and interest, dona-
tions, legacies, gifts or bequests and "appropriations made by
the state legislature from time to time to carry into effect the
purposes of this Act." Section 2. The retirement salary fund
shall be made up of moneys transferred from the permanent
fund. - Section 4. "There shall be deducted from the salary of
every teacher," subject to the provisions of the Act, one dollar
from each month's compensation. to be placed in said per-
manent fund. Section 5. "No person shall be eligible to re-
ceive the benefits of this Act who shall not have paid  *   *   *
an amount equal to twelve dollars for each year of service, up to
and including twenty-five years." Section 13. Every teacher of
twenty-five years' service, the last ten of which shall be in this
state, is entitled to retirement and to receive during life an an-
nual retirement salary of $600, in quarterly installments. Sec-
tion 14. Any teacher who shall have served as such or as a school
officer for fifteen years, and who by infirmity shall become in-
capacitated, may be retired or may by proper authority be com-
pelled to retire and shall receive an annual retirement salary in
proportion to length of service. Section 15. The authorities
shall determine what constitutes a school year. Section 16. The
Act is binding on such teachers employed in the public schools
of this state at the time of the approval of the Act, as shall on
or before January 1, 1916, signify their agreement accordingly,
and (section 17) upon all teachers elected or appointed after
the approval of the Act. Section 18. If any retired teacher
shall be re-employed in the schools, the retirement salary shall
be suspended during such period of re-employment, and any
teacher retired for disability or on less than twenty-five years
of service who returns to service and later qualifies for retire-
ment, the retirement salary on such second retirement shall be
reduced so as to cover the amounts paid on the first retirement.

The objections urged to this legislation, so far as they are
[1] cognizable by this court, are constitutional in character.
They are not very clearly stated, but from the argument of the
appellants' brief we infer the contentions to be that it violates

the state Constitution (secs. 3 and 27, Art. III; sec. 26, Art. V, and sec. 11, Art. XII) as well as the Fifth and Fourteenth Amendments to the national Constitution. In substance, the provisions thus invoked are: The declaration that all persons possess the inalienable right of acquiring, possessing and protecting property; the guaranties that no person shall be deprived of life, liberty or property without due process of law, or be denied the equal protection of the laws; the prohibition against the passage of local or special laws for the management of the common schools; the requirement that taxes shall be uniform and laid by general laws for public purposes. The most cursory examination of the statute thus assailed will disclose that the constitutional propositions insisted upon are inapplicable.

There is no question of taxation involved. The legal relation of the state through its several boards of school trustees with the teachers employed by it is one of contract. It has the right to say upon what terms it will hire or authorize the hiring of persons to teach in its schools. It may, if it sees fit to do so, discriminate in the terms of its contracts upon any basis it chooses to adopt or upon no basis at all. Here it has said to all teachers employed after the approval of the Act: "Your contract shall have read into it the provisions of this Act; the salary you receive shall in all cases be one dollar per month less than the amount expressed in your contract, that dollar to go into the teachers' pension fund for your benefit when you become entitled to it; you may engage or not upon these terms, just as you like." When the teacher engages, it is an acceptance of the terms, and all discussion based upon the theory of taxation, having in mind that taxes are *in invitum,* is irrelevant. (*Allen* v. *Board of Education,* 81 N. J. L. 135, 79 Atl. 101.)

Neither, assuming the appellants can raise the question, is there any taking of property from the teachers, with or without due process of law, or any invasion of their right to acquire, possess, and protect property. The effect of the Act being as above stated, it results that the salary to be paid is a net

amount after the "contributions" or "deductions" prescribed. It is not a gross amount, and thus in fact there is no taking. As declared by the supreme court of Wisconsin on a slightly different but essentially similar occasion: "Though called part of the officer's compensation, he never received it or controlled it; nor could he prevent its appropriation to the fund in question. He had no such power * * * over it as always accompanies ownership of property. Being a fund raised in that way, it was entirely at the disposal of the government, until, by the happening of one of the events stated, * * * the right to the specific sum promised became vested in the officer or his representative." (*State* v. *Police Pension Fund,* 121 Wis. 44, 98 N. W. 954.)

The Act is said to involve a denial of the equal protection of the laws, "in that payment is made by consent with some teachers and is compulsory with others." This is not correct. The deductions are by consent or contract in all cases, the mode of assent only being different as between teachers having contracts when the Act went into effect, and those who contract after the approval of the Act and in contemplation of its terms. This distinction is as it should be. It certainly affords no ground of complaint by these appellants.

The prohibition against local or special laws cannot be invoked. A "special" or "private" Act is a statute operating only on particular persons and private concerns; a "local Act" is an Act applicable only to a particular part of the legislative jurisdiction. The law in question here operates throughout the state and uniformly upon all who are subject to its provisions. It is thus not local or special, but a general law. (36 Cyc. 986; *Hersey* v. *Neilson,* 47 Mont. 132, Ann. Cas. 1914C, 963, 131 Pac. 30; *State ex rel. Bray* v. *Long,* 21 Mont. 26, 52 Pac. 645.)

Counsel for appellants cites several authorities to support his views, but none are in point except *Hibbard* v. *State,* 65 Ohio St. 574, 58 L. R. A. 654, 64 N. E. 109, and with that decision we cannot agree. Some criticism is also voiced touching

the details of the scheme created by the Act in question and its alleged economic defects, but such considerations are for the legislature.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.