STATE, APPELLANT, v. SUNBURST REFINING CO., RE-
SPONDENT.

(No. 5,937.)

(Submitted June 7, 1926. Decided June 22, 1926.)

[248 · Pac. 186.]

*Gasoline License Tax—Discrimination—Unconstitutionality of
Statute.*

Gasoline License Tax—Unconstitutionality of Sections 2382 and 2383,
Revised Codes 1921.
  1.  In an action by the state to recover the tax imposed by
  sections 2382 and 2383, Revised Codes of 1921, upon dealers in
  gasoline and distillate, commenced upon the theory that since the
  decision in *State* v. *Sunburst Refining Co.*, 73 Mont. 68, holding
  Chapter 160, Laws of 1923, amendatory of such sections, uncon-
  stitutional as so arbitrary, unjust and unreasonably discrimina-
  tory against dealers in Montana manufactured gasoline and dis-
  tillate as to render it void as denying to them the equal protec-
  tion of the law, the original sections remain in force, *held* that the
  sections prior to amendment are likewise unconstitutional for
  the same reason.

Same—Rule That Officer Collecting Tax Under Unconstitutional Act
must Account to State Held Inapplicable to Oil Refining Company
Advancing Price of Gasoline by Amount of License Tax.
  2.  The state cannot, under the doctrine that where an officer has
  collected taxes under an unconstitutional Act he must nevertheless
  account for and pay them over to the body politic for which he
  was acting, recover from an oil refining company the amount of
  a gasoline license tax collected by it under the guise of increased
  cost of the commodity to the consumers prior to the time the ·
  Act was declared unconstitutional, the doctrine being inappli-
  cable for the reason that the law did not impose the tax upon the
  consumer nor constitute the defendant an officer or agent of the state
  to collect it from its customers.

[1]   Licenses, 37 C. J., sec. 89, p. 236, n. 8.
[2]   Licenses, 37 C. J., sec. 129, p. 255, n. 81 New.

*Appeal from District Court, Lewis and Clark County; W. H.
Poorman, Judge.*

ACTION by the State of Montana against the Sunburst Re-
fining Company. Judgment for defendant, and plaintiff ap-
peals. Affirmed.

1.  See 17 R. C. L. 513.
2.  See 26 R. C. L. 372.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,* Assistant Attorney General, for Appellant, submitted a brief; *Mr. Angstman* argued the cause orally.

*Mr. Honier G. Murphy* and *Messrs. Hurd, Rhoades, Hall & McCabe,* for Respondent, submitted a brief; *Mr. Geo. E. Hurd* argued the cause orally.

*Messrs. Gunn, Rasch & Hall, Amici Curiae,* submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

After the decision of this court was handed down in the [1] case of *State* v. *Sunburst Refining Co.,* 73 Mont. 68, 235 Pac. 428, in which it was decided that Chapter 150 of the Laws of 1923, amendatory of sections 2382 and 2383, Revised Codes of 1921, imposing a license tax upon distributors of and dealers in gasoline and distillate, was so arbitrary, unjust and unreasonably discriminatory against dealers in Montana manufactured gasoline and distillate, and in favor of those handling such products shipped into this state, that it was void as denying to the former the equal protection of the law, the state instituted this action to recover from the defendant the amount of the tax and penalty for which judgment was asked in that case, basing its claimed right to recover the same upon the provisions of sections 2382 and 2383 as they existed prior to the attempted amendment of 1923; proceeding upon the theory that where amendments to a statute are unconstitutional the original statute remains in force (25 R. C. L. 906; *People* v. *Mensching,* 187 N. Y. Supp. 8, 10 Ann. Cas. 101, 10 L. R. A. (n. s.) 625, 79 N. E. 884), and that the obligation to pay the several items had become fixed prior to the enactment of the repealing clause in Chapter 186 of the Laws of 1925. The amended complaint, in addition to the tax claimed to be due, for the quarter ending September 30, 1923, in six other and separate causes of action seeks recovery of the taxes alleged to have accrued for six separate quarter-yearly periods thereafter.

The defendant filed a general demurrer to the amended complaint and each separate cause of action therein contained, which demurrer was sustained by the court. The plaintiff having declined to further plead, a judgment was rendered and entered in defendant's favor, from which the plaintiff has appealed.

Defendant claims that the original sections 2382 and 2383 are subject to the same objections which led this court to hold the attempted amendments thereof in 1923 to be unconstitutional and void. We agree with this contention. The only difference between the original sections 2382 and 2383 and the same sections as amended in 1923 is that the former provide that in determining the amount of the license tax required of a dealer, Montana gas and distillate purchased from a distributor shall not be taken into consideration; whereas, the latter required that such gasoline and distillate should be included in making the calculation of the amount of the tax payable.

However, it was not this difference, but the fact that gasoline and distillate imported and sold in the original packages was eliminated from consideration in making the tax computation, that produced the objectionable discrimination which required the court to hold the 1923 Act void. The provisions of the two acts in the latter respect are the same, and it follows that the decision in *State* v. *Sunburst Refining Co., supra,* holding that sections 2382 and 2383 as amended by the Act of 1923 were void, is controlling in this case, and that the original sections as they appear in the Revised Codes of 1921 are likewise void.

In the final paragraph of each of the separate causes of action [2] set out in the amended complaint, it is, in substance, alleged that the defendant advanced the price of the gasoline and distillate sold by it during the time involved and gave people who purchased the same from it to understand that when they paid the advanced price, the excess was to be used by the defendant to pay the tax imposed by law; that in this way the defendant has collected the tax involved from the dealers and consumers in this state to whom its product was sold; that by this course of conduct the defendant has become a trustee of the

plaintiff for the amount so collected, and is now estopped from questioning the plaintiff's right of recovery in this action. To support this novel contention the attorney general invokes the doctrine that when a collector has actually collected taxes by virtue of his office he must pay the same over to the body politic for which he was acting and cannot escape liability therefor by setting up the invalidity of the tax and denying the right of such body politic to recover the same.   (23 R. C. L. 372, sec. 330.)

The rule invoked has no application to the facts alleged.   The law does not impose any tax upon the consumer, although in practice it may be that the distributor or dealer passes it on to him by advancing the price of the product sold.   The law did not constitute the defendant an officer or agent to collect a tax from its customers.   If the facts alleged in this paragraph are true, the consumer who paid the advanced price is the injured party by reason of the misrepresentations of the defendant.   The plaintiff was not entitled to collect the additional one cent a gallon alleged to have been so collected, and is not entitled to take advantage of defendant's misrepresentations and share in the gains thus alleged to have been made by it.

On the authority of *State* v. *Sunburst Refining Co., supra,* the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and GALEN concur.

Rehearing denied July 8, 1926.

Petition by the State for writ of *certiorari* to review the above decision denied by the supreme court of the United States, November 1, 1926.