STATE, Respondent, *v.* BAYS, Appellant.

(No. 7,421.)

(Submitted May 27, 1935.   Decided June 1, 1935.)

[47 Pac. (2d) 50.]

*Mr. H. R. Boden,* for Appellant, submitted a brief and argued the cause orally.

126

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. Enor K. Matson,* Assistant Attorney General, for the State, submitted a brief; *Mr. Matson* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

George W. Bays was convicted in the district court of Missoula county of the offense of barbering without a license, a misdemeanor, in violation of Chapter 127, Laws of the Twenty-First Legislative Assembly, 1929. The cause was submitted upon an agreed statement of facts. It appears therefrom that defendant was engaged in the occupation of barbering in the state of Missouri from October 10, 1928, until about August 1, 1932, when he came to the state of Montana. He has been engaged in barbering ever since coming to Montana, and at the time of the trial he was still practicing that occupation and operating a barber shop in the city of Missoula. He has never procured a license to practice that occupation in the state, nor has he ever attempted to comply with the Montana Act.

Upon the above facts, the district court found defendant guilty and assessed a sentence of fine and imprisonment. He has appealed from the judgment of conviction, and assigns only one specification of error, viz., ''The court erred in finding defendant guilty upon the agreed statement of facts.'' The only argument presented in support of this assignment is an attack upon the validity of the law. Defendant contends that the Act is unconstitutional in that it violates the equal protection clause of the Fourteenth Amendment, and the due process clause of the Fifth Amendment of the federal Constitution, as well as section 7, Article III, and section 26, Article V, of the Montana Constitution.

The Act creates a board of barber examiners, and vests that board with power to issue certificates of registration to such persons as shall successfully qualify therefor, and to conduct examinations for those who are desirous of procuring a certificate of registration. It provides that it shall be unlawful for

any person to practice barbering without first having obtained a certificate of registration. It is also provided in section 4 of the Act that: "Any person engaged in the practice of barbering in this state at the time this Act goes into effect, provided he furnish a satisfactory physician's certificate, approved by the State Board of Health, shall be granted a certificate of registration as a registered barber without other examination, provided further that such person shall apply for a certificate on or before the first of August, 1929." It is further provided that all persons desiring to begin the practice of barbering after August 1, 1929, must, in order to obtain a certificate of registration, pass a satisfactory examination conducted by the board, and comply with the other necessary requirements as prescribed by the Act.

It has been quite generally held that laws regulating the practice of barbering, like laws regulating various other trades and professions, are within the purview of the police power of a state. (*Cooper* v. *Rollins,* 152 Ga. 588, 110 S. E. 726, 20 A. L. R. 1105; *State* v. *Zeno,* 79 Minn. 80, 81 N. W. 748, 79 Am. St. Rep. 422, 48 L. R. A. 88; *State* v. *Armeno,* 29 R. I. 431, 72 Atl. 216; *People* v. *Logan,* 284 Ill. 83, 119 N. E. 913; *Moler* v. *Whisman,* 243 Mo. 571, 147 S. W. 985, Ann. Cas. 1913D, 392, 40 L. R. A. (n. s.) 629; see, also, annotation in 20 A. L. R. 1111 et seq.)

Defendant does not question the power and right of the legislature to prohibit persons from practicing the calling of a barber without first having obtained a license or certificate. He does contend that this Act is invalid for the reason that section 4 thereof unduly discriminates against him and in favor of those who were practicing barbering in this state at the time the Act went into effect. He argues that, since he was engaged in the occupation of barbering in the state of Missouri prior to August, 1929, he is entitled to the same privileges accorded to barbers who were engaged in the business in Montana at that time. He asserts that, in denying him this privilege, the Act contravenes the Fourteenth Amendment of the federal Constitution; that

there existed no reasonable ground for distinction between barbers who were practicing in this state and those practicing elsewhere at the same time; and that such a classification is discriminatory.

We think this position is untenable. The same question has arisen in numerous cases throughout the country upon facts and laws practically identical with those involved here. A reading of the cases discloses that it has been uniformly held that such a distinction does not violate the Fourteenth Amendment of the United States Constitution. (See *People* v. *Logan,* supra; *Criswell* v. *State,* 126 Md. 103, 94 Atl. 549; *Commonwealth* v. *Ward,* 136 Ky. 146, 123 S. W. 673; *State* v. *Tag,* 100 Md. 588, 60 Atl. 465; *Cooper* v. *Rollins,* supra; see, also, annotation 20 A. L. R. 1111 et seq.) All of these cases deal with statutes regulating the practice of barbering. Statutes very similar to or identical with section 4 of Chapter 127, relating to various other trades and professions, have been sustained as against similar charges that they violated the Fourteenth Amendment. (See *People* v. *Griswold,* 213 N. Y. 92, 106 N. E. 929, L. R. A. 1915D, 538; *State* v. *Call,* 121 N. C. 643, 28 S. E. 517; *State* v. *Doran,* 28 S. D. 486, 124 N. W. 53; *In re Inman,* 8 Idaho, 398, 69 Pac. 120; *State* v. *Hathaway,* 115 Mo. 36, 21 S. W. 1081; *Thomas* v. *State Board of Health,* 72 W. Va. 776, 79 S. E. 725, 49 L. R. A. (n. s.) 150; *State* v. *Creditor,* 44 Kan. 565, 24 Pac. 346, 347, 21 Am. St. Rep. 306.)

In the last-cited case the Kansas court used the following pertinent language: "It may be unfortunate for the appellant that he had not begun the practice in the state when the law was enacted, and thus have had that evidence of qualification essential to the obtaining of a certificate without a diploma; but, when no more is required of him than is required of all other citizens of the United States proposing to begin the practice within this state, he has no cause to complain." In the recent case of *State ex rel. Freeman* v. *Abstracters Board of Examiners,* 99 Mont. 564, 45 Pac. (2d) 668, this court, in disposing of a contention practically the same as that advanced here, said:

"The constitutional provisions against discrimination do 'not forbid statutes and statutory changes to have a beginning and thus discriminate between rights of an earlier and later time.' All things must have a period of adjustment and such classification is not 'arbitrary classification.' "

In accordance with the foregoing authorities, we hold that section 4 of this Act does not transgress the equal protection clause of the Fourteenth Amendment.

There is no merit in the suggestion that there is a violation of the due process clause of the federal Constitution and of our Constitution. (Art. III, sec. 7.) Many of the cases to which we have adverted with reference to the question of discrimination are also in point upon this question. They are practically unanimous in declaring that regulatory laws, such as Chapter 127, are not vulnerable to the charge that they violate the due process clauses of the federal Constitution and the various state Constitutions. In addition to the cases already cited, see *State ex rel. Marshall* v. *District Court,* 50 Mont. 289, 146 Pac. 743, Ann. Cas. 1917C, 164; *Dent* v. *West Virginia,* 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623; *Sperry & Hutchinson Co.* v. *Rhodes,* 220 U. S. 502, 31 Sup. Ct. 490, 55 L. Ed. 561; *People* v. *Griswold,* supra; 12 C. J. 1197.

Neither is there any force in the suggestion that the Act is a special law exempting a particular class of barbers from compliance with its requirements. The case of *Roberts* v. *Hosking,* 95 Mont. 562, 28 Pac. (2d) 199, upon which defendant relies, is not sufficiently in point to be applicable here. The Act there under consideration assumed to exempt certain state employees from the examination imposed upon others not so employed. It exempted only certain state employees, and it was therefore held unconstitutional as special legislation in violation of section 26, Article V, of our Constitution. The Act here under consideration does not exempt a particular class of barbers only. It applies to all barbers in Montana who were engaged in their occupation at the time the Act was passed. Such a classification is a proper one. Since the Act is general

in its application, it is not a special law in violation of section 26, Article V. (See *Leuthold* v. *Brandjord,* ante, p. 96, 47 Pac. (2d) 41; *Hart Refineries* v. *Harmon,* 81 Mont. 423, 263 Pac. 687; *State ex rel. Federal Land Bank* v. *Hays,* 86 Mont. 58, 282 Pac. 32; *State ex rel. Redman* v. *Meyers,* 65 Mont. 124, 210 Pac. 1064; *Trumper* v. *School District,* 55 Mont. 90, 173 Pac. 946, 948; *State* v. *Healow,* 98 Mont. 177, 38 Pac. (2d) 285, 287.) In the last-cited case it was said: ''The principle is the same as that involved in the multitudinous laws governing the right to practice professions and to engage in numerous specially regulated lines of business activity. The erection of new standards of qualification by laws relating to them seldom contemplates the re-examination and re-licensing of those previoulsy licensed and actually operating under the terms of a law in effect at the time of the issuance of the original license. The provision is not obnoxious to, but rather consonant with, generally recognized principles of fairness and justice.''

It is generally held that an Act does not violate the equal protection clause or the due process clause of the federal Constitution or of the state Constitutions, and is not special or class legislation, which permits persons who are engaged in the pursuit of their occupation at the time of the passage of the Act, to continue without examination.

Accordingly, we hold here that Chapter 127, Laws 1929, does not violate any constitutional provision to which our attention has been directed. It follows that the judgment of the district court must be affirmed.

Associate Justices Matthews, Anderson and Morris concur.

Mr. Chief Justice Sands, being absent on account of illness, takes no part in the above decision.