[No. 3468.   March 31, 1930.]

GEORGE E. BREECE LUMBER CO. et al. v. MIRABAL, State Comptroller.

[287 Pac. 699.]

M. A. Otero, Jr., Atty. Gen., and J. A. Miller, Asst. Atty. Gen., for appellant.

Downer & Keleher, of Albuquerque, for appellee Mc-Gaffey Co.

C. M. Botts, of Albuquerque, for appellee George E. Breece Co.

Carl H. Gilbert and E. R. Wright, both of Santa Fe, and Rodey & Dailey, of Albuquerque, amici curiæ.

OPINION OF THE COURT

PARKER, J.

This is an appeal from a decree of the district court of Santa Fe county enjoining the state comptroller from collecting a tax from appellees for the use by them within this state of gasoline purchased in interstate commerce, upon which no sales tax has been paid. The sole issue presented to the court was whether or not section 1, of chapter 14, session laws of 1927, as amended by section 1, of chapter 29, session laws of 1929, could constitutionally be enforced, with respect to the use of gasoline for purposes other than the transportation of motor vehicles upon the public highways. The court found that the statutes involved were unconstitutional and void, and entered a decree perpetually enjoining the state comptroller from collecting the said tax. The state comptroller has appealed from said judgment.

The facts were stipulated as follows:

It is hereby stipulated between the attorneys for plaintiffs and the Attorney General of the state of New Mexico, representing the defendant, that, for the purposes of this trial, the following may be taken and considered by the court as true:

1. That the court, sitting as a court of equity, has jurisdiction of the parties and of the subject-matter hereof.

2. That each of the plaintiffs is a corporation, duly authorized to do and doing business in the state of New Mexico, and that their business is that of cutting and logging timber in McKinley, Valencia, and Otero counties, in New Mexico, and of the manufacture of the same into lumber.

3. That the defendant is the duly appointed and acting comptroller of the state of New Mexico, and is sued as such.

4. That the plaintiffs in their logging operations use trucks, tractors, loading machinery and other machinery, all operated by internal combustion engines using gasoline as fuel, and that experience has demonstrated that the use of such machinery and of such fuel is essential to the economic operation of their said business.

5. That the plaintiffs have, and each of them has, on hand in their storage tanks, located at their respective logging camps in New Mexico, large quantities of gasoline, which has been purchased in other states than New Mexico and shipped to them in interstate commerce by being loaded in tank cars on the line of a common carrier by rail in such other states, and transported in said tank cars over the line of such common carrier into the state of New Mexico, and delivered to the respective plaintiffs at the points on the line of such common carriers at which plaintiffs' respective private railroads connect with the lines of said common carriers, at which points such tank cars of gasoline are transferred from the lines of such common carriers onto the respective private railroads of the plaintiffs; and by and over said private railroads said tank cars of gasoline are transported to the respective logging camps of the plaintiffs, located on their respective lands in New Mexico, where said gasoline is emptied out of said tank cars and into the storage tanks of the plaintiffs, and that all of the gasoline so in plaintiffs' possession has been so purchased in interstate commerce and for the use aforesaid.

6. That since the 7th day of March, 1929, each of the plaintiffs has used for the purposes aforesaid, and not otherwise, large quantities of gasoline, all of which was purchased out of the state of New Mexico and shipped to them in interstate commerce as aforesaid, and that they expect to continue, from time to time, as their necessity and convenience shall require, to purchase other gasoline in large quantities outside of the state of New Mexico and in interstate commerce, and to use the same for the purposes aforesaid and in the manner hereinafter stated.

7. That all of the trucks, tractors, loading machinery and other machinery aforesaid are used and operated on the respective lands of the plaintiffs and solely in their logging operations, and that none of them is used or operated upon, or in connection with, any public highway in the state of New Mexico, and that none of the gasoline aforesaid has been used or is to be used upon, or in connection with, any such public highways, and that said public highways have not been and will not be used in the transportation of said gasoline to the place of use aforesaid, or in the transportation of any of the plaintiffs' logs or timber.

8. That the defendant has demanded of the plaintiffs that they pay to him a tax of five cents for each gallon of gasoline used by them as aforesaid, basing his demands upon chapter 14, of the session laws of 1927, as amended by House Bill No. 202 of the Ninth Legislature of the state of New Mexico, entitled "An Act to Amend Section 1 of Chapter 14, Laws of 1927, providing for an excise Tax upon the use of Gasoline;" that plaintiffs have, and each of them has, refused to pay said tax, or any part thereof, and that the defendant has threatened and is threatening to subject plaintiffs to suits for the collection of said tax, to assess a penalty for the nonpayment thereof, and to prosecute plaintiffs and to have them fined for their refusal aforesaid.

9. That, in addition to the foregoing in the consideration and determination of the questions of law involved herein, the court may consider any and all other facts of which it may properly take judicial knowledge, and nothing herein contained shall prevent any party hereto from sub-

mitting competent evidence of other or additional pertinent or material facts not contradictory of the facts herein stipulated.

10. That by nothing herein contained does any party hereto agree that all facts herein stipulated are relevant or material, and the right to object to any fact so stipulated on the ground of irrelevancy or immateriality is hereby reserved.

11. That on the facts the court shall render such judgment and grant such relief as shall be just and proper under the Constitution and laws of the United States and the Constitution and laws of the state of New Mexico.

The statutes under which the collection of the tax was sought by the state comptroller are section 1, of chapter 14, Laws 1927, which was as follows:

"Section 1. There is hereby levied and imposed an excise tax of five cents per gallon upon the use of all gasoline and motor fuel used in this State for propelling or operating motor busses, commercial cars, trucks, or other vehicles, upon public highways in New Mexico; provided, that in the collection of such tax a deduction shall be allowed of the excise tax paid in this State by distributors and dealers upon the sale of the gasoline and motor fuel so used."

This section was amended by section 1, of chapter 29, Laws 1929, so as to read as follows:

"Section 1. There is hereby levied and imposed an excise tax of five cents per gallon upon the use of all gasoline and motor fuel used in this state for any purpose; provided that in the collection of such tax a deduction shall be allowed of the amount of the excise tax paid in this state by distributors or dealers upon the sale of the gasoline so used."

We have then a simple question as to whether an excise tax may be legally levied upon the use of gasoline in this state. That this is an excise tax would seem to be beyond question. In the first place, it is so denominated in the statute. While this fact might not in all cases be conclusive of the character of the tax, it is at least persuasive. In the second place, the Supreme Court of the United States in Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 608, 65 L. Ed. 1139, construing chapter 93, Laws 1919 of New Mexico, which imposed an

excise tax of two cents per gallon upon all gasoline sold or used in the state, said:

"The tax imposed by the act under consideration upon the 'sale or use of all gasoline sold or used in this state' is not property taxation, but in effect, as in name, an excise tax. We see no reason to doubt the power of the state to select this commodity, as distinguished from others, in order to impose an excise tax upon its sale and use; and since the tax operates impartially upon all, and with territorial uniformity throughout the state, we deem it 'equal and uniform upon subjects of taxation of the same class,' within the meaning of section 1 of article 8."

An instructive case as to the definition of an excise tax is Patton v. Brady, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713. In that case the court had before it the validity of a stamp tax on tobacco. In the opinion the court collects definitions of an excise tax from Blackstone, Story on the Constitution, Cooley on Taxation, Bouvier's and Black's Law Dictionaries, Webster's International Dictionary, and Century Dictionary.

The court deemed the contention of counsel that the tax was a property tax unsound and untenable, and held that it was an excise tax. See, also, Billings v. U. S., 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596, which involved an excise tax on the use of foreign built yachts. See, also, Foster & Creighton Co. v. Graham, 154 Tenn. 412, 285 S. W. 570, 47 A. L. R. 971, and extensive annotations at page 980, collecting all of the cases down to the time the case was published. In Hart Refineries v. Harmon, 81 Mont. 423, 263 P. 687, appealed to the Supreme Court of the United States, that court in 278 U. S. 499, 49 S. Ct. 188, 73 L. Ed. 475, holds that a tax of this kind is valid, affirming the Montana court. See, also, Pantorium v. McLaughlin, 116 Neb. 61, 215 N. W. 798. In passing on the question the court cites and quotes from In re Opinion of the Justices, 123 Me. 573, 581, 121 A. 902, 906, as follows:

"But in our view of the nature of the tax, the use to which the gasoline or other fuel may be put by the purchaser is not a factor in the problem; whether upon land or water, the highway or the farm is entirely beside the question."

See, also, People v. City and County of Denver, 84 Colo. 576, 272 P. 629, and People v. Texas Co., 85 Colo. 289, 275 P. 896.

If this is an excise tax, as it undoubtedly is, what objection can be urged against it? The basis or foundation for an excise tax is reasonable classification of subjects of taxation. Given a reasonable classification of subjects, the power of the Legislature to lay an excise tax is almost unlimited, at least so long as it does not go to the extent of extortion or confiscation. And in this case an excise tax is laid upon the use of gasoline for any purpose in the state. All persons are treated alike, regardless of the use made of the gasoline. Cleaners of clothes, firms using tractors, sawmill and logging concerns, laundries, housewives using gasoline for cookstoves, householders using it for their heating plants, and perhaps many others are all included within the terms of the statute. Equality and uniformity, within constitutional requirements, are thus preserved. Bowman v. Continental Oil Co., supra.

■ Much effort is made in the argument and brief of counsel for appellees to convince us that this is a special privilege tax upon users of the public roads of the state by means of automobiles in traveling upon such highways. If we understand the argument, it is as follows: The tax is a tax upon the use of the public highways by gasoline propelled vehicles; appellees do not use the public highways in the consumption of gasoline in their operations; therefore, they cannot legally be charged with the tax. If both of appellees' premises were true, their conclusion would inevitably follow. The trouble is with the major premise. In the first place, as we have heretofore assumed, the tax is not laid on the use of the public highways. The statute does not say so, and nowhere in the statute can such a conclusion be drawn. It is true that a large proportion of the gasoline is used in propelling vehicles over the public highways, and it is likewise true that the entire proceeds of the tax are devoted, by statute, to the payment of such bonds and debentures as may have been issued by the state to secure a fund with which to build and improve the highways of the state. But this has nothing to do with the matter. This is merely a financial arrangement of the state to make sure provision for the prompt payment of its obligations when they become due. The gasoline tax is known to be a large revenue producer,

and the state has simply set it aside to pay principal and interest on its obligations upon which it has borrowed money. The obligation to apply the gasoline tax does not in any way discharge the state from its obligation to pay its debts out of any available revenues. It seems clear, therefore, that this tax is a simple excise tax and is in no sense a special privilege or benefit tax, as appellees argue. If this tax is unjust in a broad sense, it is not so in a legal sense, and the proper forum to which to apply for relief is the Legislature and not the courts.

It thus appears that the judgment of the district court was erroneous and should be reversed, and the cause remanded, with directions to dismiss the bill, and it is so ordered.

BICKLEY, WATSON, CATRON, and SIMMS, JJ., concur.