COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
BRISTOL COUNTY KENNEL CLUB, INC.

Suffolk. April 6, 1938. — June 29, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Tax*, Excise on corporation. *Racing.*

A domestic corporation licensed under G. L. (Ter. Ed.) c. 128A to conduct a meeting for dog racing was not by § 4 of that chapter exempted from the corporation excise imposed by G. L. (Ter. Ed.) c. 63, § 32, as amended.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on February 2, 1938, by the commissioner of corporations and taxation from a decision by the Appellate Tax Board granting to the taxpayer an abatement of $4,159.87.

The case was submitted on briefs.

*P. A. Dever*, Attorney General, *& R. Clapp*, Assistant Attorney General, for the commissioner of corporations and taxation.

*E. A. Gorman*, for the taxpayer.

LUMMUS, J.   By G. L. (Ter. Ed.) c. 128A, inserted in our statutes by St. 1934, c. 374, a person or corporation may be licensed by the State racing commission to hold or conduct a meeting for the racing of horses or dogs.   By § 4 substantial license fees, not exceeding $200 a day for dog racing, are required.   Then follows the sentence upon which the case turns: "No other license fee or excise, except as provided in this chapter, shall be assessed or collected from such licensee by the commonwealth or any political subdivision thereof."

The taxpayer is a corporation formed under G. L. (Ter. Ed.) c. 156, for the purpose, among others, of conducting dog races, and has obtained a license to do so, and paid the fee therefor.   Every corporation organized under that chapter, with immaterial exceptions, is a domestic business corporation.   G. L. (Ter. Ed.) c. 63, § 30 (1).   "Every domestic business corporation shall pay annually an excise . . . ."   G. L. (Ter. Ed.) c. 63, § 32, as amended by St. 1933, c. 342, § 1, and St. 1936, c. 362, § 5.   *Springdale Finishing Co.* v. *Commonwealth*, 242 Mass. 37, 40.   *Macallen Co.* v. *Commonwealth*, 264 Mass. 396, 399.   *Thomson Electric Welding Co.* v. *Commonwealth*, 275 Mass. 426.   See also *Atlantic Lumber Co.* v. *Commissioner of Corporations & Taxation*, 292 Mass. 51, affirmed 298 U. S. 553.

A corporation excise tax having been assessed upon the taxpayer for the year 1936, it applied for abatement on the ground that it was exempt from such tax because of the sentence already quoted from the act of 1934.   The commissioner of corporations and taxation refused to abate the tax, but the Appellate Tax Board granted an abatement of the entire tax.   The commissioner appealed to this court.   G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1933, c. 321, § 7, St. 1933, c. 350, § 8, and St. 1935, c. 218, § 1.   St. 1937, c. 400.   *Commissioner of Corporations &*

*Taxation* v. *J. G. McCrory Co.* 280 Mass. 273, 278. *Assessors of Boston* v. *Garland School of Home Making*, 296 Mass. 378, 383.

Taken literally, the sentence quoted from the act of 1934 is broad enough to support the contention of the taxpayer. But we must look beyond the letter. *Somerset* v. *Dighton*, 12 Mass. 383, 384–385. *Commonwealth* v. *Gardner*, 300 Mass. 372, 376. *Frye* v. *School Committee of Leicester*, 300 Mass. 537. Exemptions from taxation are construed strictly, in favor of the taxing power. *Macallen Co.* v. *Commonwealth*, 264 Mass. 396, 414. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 187, 194. *Springfield Young Men's Christian Association* v. *Assessors of Springfield*, 284 Mass. 1, 5. *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston*, 294 Mass. 248, 257. The sentence quoted has no certain or plainly intended application to a corporation excise tax, for an individual as well as a corporation may be granted a dog racing license. The sentence quoted gives a licensee exemption from other license fees or excises with respect to acts done under the license. But that it was meant to exempt a licensee as well from an excise that has no relation to acts done as licensee, but arises from doing business as a corporation, we cannot believe. It would be as reasonable to hold that a dog racing licensee, by virtue of the sentence quoted, is freed from liability to pay a legacy tax (*Minot* v. *Winthrop*, 162 Mass. 113; *Attorney General* v. *Stone*, 209 Mass. 186, 190), a stock transfer tax (*Opinion of the Justices*, 196 Mass. 603; G. L. [Ter. Ed.] c. 64), a motor vehicle excise tax (G. L. [Ter. Ed.] c. 60A), a liquor license excise or fee (*Commonwealth* v. *Fredericks*, 119 Mass. 199, 205; *Opinion of the Justices*, 282 Mass. 619, 622), and even a fee for a license to hunt or fish (G. L. [Ter. Ed.] c. 131, § 8.) All these are equally within the letter of the sentence quoted.

*Petition for abatement dismissed.*