509 P.2d 882

**SANTA FE DOWNS, INC., Appellant,**

v.

**BUREAU OF REVENUE and Commissioner of Revenue, State of New Mexico, Appellees.**

**No. 1052.**

Court of Appeals of New Mexico.

April 20, 1973.

Byron L. Treaster, Jerry Wertheim, Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., John C. Cook, Susan P. Graber, Bureau of Revenue Asst. Attys. Gen., Santa Fe, for appellees.

## OPINION

WOOD, Chief Judge.

After an audit, the Bureau of Revenue issued its notice of assessment of taxes to taxpayer, Santa Fe Downs, Inc. The assessment was for state gross receipts and compensating tax, penalty and interest, and county sales tax. Taxpayer protested the assessment. After a formal hearing the Commissioner of Revenue denied the protest. Taxpayer appeals directly to this Court from the decision and order of the Commissioner. Section 72–13–39, N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1971). The dispositive issue is whether, under § 60–6–9, N.M.S.A. 1953 (Repl.Vol. 9, pt. 1, Supp.1971), the taxpayer is liable for these taxes. We hold it is not liable.

At all material times, taxpayer operated a race track under license from the New Mexico Racing Commission. Section 60–6–2, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). It is stipulated that at all material times, taxpayer paid the license fee provided by § 60–6–4, N.M.S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1971), and the taxes provided by § 60–6–9, supra. Section 60–6–9, supra, states:

"A. In addition to the license fees provided in section 60–6–4 New Mexico Statutes Annotated, 1953 Compilation,

the following additional taxes are imposed which shall be paid in lieu of all other or further excise or occupational taxes levied by the state, or any county, or municipality, or other political subdivision:"

■ The "in lieu of" provision applies to state and county excise taxes. Section 72–16A–4, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971) identifies the gross receipts tax as an excise tax. Section 72–16A–7, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1971) identifies the compensating tax as an excise tax. Section 13–2–31, N.M.S.A.1953 (Repl.Vol. 3) refers to a county sales tax. Although the reference to "excise" tax in §§ 72–16A–4 and 72–16A–7, supra, is not controlling, all the taxes here involved— gross receipts, compensating and sales—are excise taxes under the definition of that tax in Flynn, Welch & Yates v. State Tax Commission, 38 N.M. 131, 28 P.2d 889 (1934). See Iden v. Bureau of Revenue, 43 N.M. 205, 89 P.2d 519 (1939); Continental Oil Co. v. City of Santa Fe, 36 N. M. 343, 15 P.2d 667 (1932); Geo. E. Breece Lbr. Co. v. Mirabal, 34 N.M. 643, 287 P. 699, 84 A.L.R. 827 (1930), aff'd 283 U.S. 788, 51 S.Ct. 352, 75 L.Ed. 1415 (1931).

Taypayer has brought itself literally within the provisions of § 60–6–9, supra. It is stipulated that taxpayer has paid the license fee and the additional taxes provided by that section. Such payment is "in lieu of" the excise taxes assessed by the Bureau. We now examine the Bureau's arguments as to why the "in lieu of" provision should not be applied.

The additional taxes imposed by § 60–6–9, supra, are on amounts received on tickets sold for admission to' the grounds where horse races are held and on gross amounts wagered. The Bureau contends that the "in lieu of" provision applies only to additional taxes on activities subject to these two taxes. Since the taxes which the Bureau seeks to impose involve activities not subject to the admission or wagering taxes, it contends the "in lieu of" provision is inapplicable.

■ The answer is that the "in lieu of" provision of § 60–6–9, supra, contains no language suggesting the limitation sought by the Bureau. Legislative intent is determined primarily by the language of the act. Till v. Jones, 83 N.M. 743, 497 P.2d 745 (Ct.App.1972). Payment of the license fees and taxes as provided in § 60–6–9, supra, is in lieu of ". . . all other or further excise . . . taxes levied by the state, or any county. . . ."

The Bureau asserts that not to limit the "in lieu of" provision in accordance with its contention stated in the preceding paragraphs would result in the taxpayer being able to engage in completely unrelated business activities and avoid payment of excise taxes on those activities. It states the taxpayer ". . . could open a grocery store and could, by reason of § 60–6–9, be exempt from the gross receipts tax on its receipts from the sale of groceries. Such a result is obviously contrary to the intent of the legislature."

■ The answer is that the "in lieu of" provision applies only to a race track licensee, see Till v. Jones, supra, and to acts done as licensee. Commissioner of Corporations, etc. v. Bristol Co. K. C., 301 Mass. 27, 16 N.E.2d 43 (1938). See First Nat. Bank of Santa Fe v. Commissioner of Rev., 80 N.M. 699, 460 P.2d 64 (Ct. App.1969), appeal dismissed, 397 U.S. 661, 90 S.Ct. 1407, 25 L.Ed.2d 643 (1970); State v. State Tax Commission, 40 N.M. 299, 58 P.2d 1204 (1936).

■ Here, the gross receipts tax and county sales tax were assessed on receipts from sale of membership in the jockey club. The compensating tax was assessed on the cost of supplies purchased outside New Mexico; the supplies (for example, a water tank and a control system) were used in the operation of the race track. There is nothing indicating the sale of club memberships and the purchase of supplies for race track operations were other than

118

acts done under taxpayer's race track license.

■ The Bureau states: ". . . The purposes of the statutory provisions relating to horse racing and those of the Gross Receipts and Compensating Tax Act are obviously different; and an exemption from a general revenue statute, such as the Gross Receipts and Compensating Tax Act, should be clearly expressed in that general revenue statute." The answer is that the "in lieu of" provision is clearly expressed in § 60–6–9, supra, and the Bureau presents no authority for its view that the "in lieu of" provision cannot be given effect unless included in a general revenue statute.

■ The Bureau states: ". . . it is argued that the 'in lieu of' portion of § 60–6–9 was repealed by implication when the Gross Receipts and Compensating Tax Act was enacted, because of the absence of a section in the Gross Receipts and Compensating Tax Act specifically exempting any portion of the receipts of 'licensees,' . . . ." The answer is that repeals by implication are not favored and such a repeal is held to exist only in necessarily giving effect to an obvious legislative intent. Further ". . . a general act later enacted does not affect an earlier special act. . . ." Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971); Compare Cardinal Fence Co., Inc. v. Commissioner, Bur. of Rev., 84 N.M. 314, 502 P.2d 1004 (Ct.App.1972). The gross receipts and compensating tax act is general and contains no obvious legislative intent to repeal the special "in lieu of" provision of § 60–6–9, supra.

The Bureau has advanced no reason why the "in lieu of" provision should not be given effect. See Continental Oil Co. v. City of Santa Fe, supra. The decision and order of the Commissioner is not in accordance with law, § 72–13–39, supra, and is reversed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.