Dear Representatives Istook,
¶ 0 The Attorney General has received your request for an official opinion asking in effect:
1. Are fees and taxes imposed upon insurance companies by 36O.S. 624 (1988), in lieu of all state, county, or municipalsales tax, where an insurance company is acting as a purchaser ofgoods or services and a sales tax would otherwise be imposed?
 2. May the Oklahoma Tax Commission impose any duty upon thevendor to account for sales, or to collect or forward any funds,when otherwise taxable goods are purchased by a purchaser whoqualifies under the above-cited statute?
¶ 1 The specific statute about which you inquire, 36 O.S. 624
(1988), has gone through many amendments and recodifications since it was first enacted by the Legislature in 1909. Its genesis is found in Article XIX, Section 2, of the Oklahoma Constitution, which in most pertinent part provides:
 Until otherwise provided by law, domestic companies excepted, each insurance company, including surety and bond companies, doing business in this State, shall pay an annual tax of two per centum on all premiums collected in the State, after all cancellations are deducted, and a tax of three dollars on each local agent.
(Emphasis added.)
¶ 2 As originally enacted in 1909 the statute provided in pertinent part as follows:
 Each and every foreign insurance company doing business in this state . . . [shall pay] . . . an annual tax of two per centum on all premiums collected in this state, after all cancellations and dividends to policy holders are deducted, and an annual tax of three dollars on each local agent, and such other fees as may be paid to such Insurance Commission, which taxes shall be in lieu of all other taxes, or fees, and the taxes and fees of any subdivision or municipality of the state.
(Emphasis added.)
¶ 3 Despite the language emphasized in the statute above, the Oklahoma Supreme Court in the case of New York Life Ins. Co. v.Board of County Com'rs of Oklahoma County, 9 P.2d 936 (Okla. 1932), readily held that such language did not exempt the foreign insurance companies from paying county ad valorem property taxes. The Court cited and quoted language from other authorities to the effect that a tax on gross premiums of insurance is an excise tax, in the nature of a license tax, occupation tax, privilege tax, or business tax, but in any event not a property tax. It further found that the "in lieu" or exemption language in the statute was intended to apply only to taxes or fees of a like kind as the gross premiums tax, inasmuch as the law does not favor exemptions from taxes. In accord and cited in the Oklahoma opinion are Queen City Fire Ins. Co. v. Basford, 130 N.W. 44 (S. Dak. 1911), and Millers' Mut. Fire Ins. Co. v. City ofAustin, 210 S.W. 825 (Tex. C.A. 1919).
¶ 4 Whether simply to adopt and codify the New York Life
decision or for other reasons, the Legislature in 1945 added the words "except ad valorem taxes" to the "in lieu" or exemption language. See Laws 1945, p. 123, 1. Other exceptions to the "in lieu" or exemption language were added in 1986, 1987 and 1988. The pertinent language of 36 O.S. 624 now provides that various specified fees and taxes:
 shall be in lieu of all other state taxes and fees, except those taxes and fees provided for in the Insurance Code [added by Laws 1987, c.175, § 8] and in 63 O.S. 2501 through 63 O.S. 2510 of the Oklahoma Statutes [added by Laws 1988, c. 83, § 5], and the taxes and fees of any subdivision or municipality of the state, except ad valorem taxes and the tax required to be paid pursuant to 68 O.S. 50001 of Title 68 of the Oklahoma Statutes [added by Laws 1986, c. 251, § 8].
¶ 5 It is to be noted that none of the exceptions written into the "in lieu" or exemption language of 36 O.S. 624 relates to anything resembling a sales tax.
¶ 6 It is further to be noted that Oklahoma first enacted sales tax legislation many years after the "in lieu" or exemption language of 36 O.S. 624 was part of the law. See Laws 1935, p. 308, 1 et seq.
¶ 7 It is still further to be noted that the present language of our basic authorizing sales tax statute, 68 O.S. 1354
(1988), says:
 There is hereby levied upon all sales, not otherwise exempted in the Oklahoma Sales Tax Code, an excise tax of four percent (4%) of the gross receipts or gross proceeds of each sale[.]
(Emphasis added.)
¶ 8 In the seminal case of Connecticut Light Power Co. v.Walsh, 57 A.2d 128 (Conn. 1948), the Supreme Court of Errors of Connecticut held that an "in lieu" exemption provision in a statute that predated the state's sales tax act could not have been intended to apply to the sales tax. The opinion says:
 The broad statement that the tax upon the gross earnings of telephone companies shall be "in lieu of all other taxation" upon them is not necessarily to be given a literal meaning. "In construing the act it is our duty to seek the real intent of the legislature, even though by so doing we may limit the literal meaning of the broad language used." [Citation omitted.] It is not reasonable to assume that the General Assembly intended by the provisions we have quoted that the tax on gross earnings should take the place of taxes of a kind not then anywhere imposed and entirely outside its knowledge. When this provision is read in the light of its history and evident purpose, we are satisfied that it did not mean that telephone companies should not in the future be subjected to any other tax no matter what might be its nature. [Citations omitted.]
57 A.2d at 133.
¶ 9 In a case which cited and relied upon the Connecticut case,Farm and Home Savings Ass'n v. Spradling, 538 S.W.2d 313 (Mo. 1976), the Missouri Supreme Court said:
 The instant case involves exemption provisions of a statute (148.520) other than the statute imposing the tax (144.610). In 68 Am. Jur. 2d, Sales and Use Taxes, sec. 101, p. 149, it is stated: "Whether exemption from imposition of a sales tax may be claimed by virtue of exemption provisions of statutes or ordinances other than those imposing the sales tax (usually earlier statutes) involves an application to this sphere of inquiry of general rules and principles governing interpretation of tax exemptions. Applying such principles, the few cases in which the precise question has been considered are in accord as to the result reached, and, though differing slightly in the reasons given as the basis for their conclusions, have uniformly held that sales taxes were not within the exemption provisions of other statutes imposing a different tax." This statement is borne out in the cases annotated at 1 A.L.R.2d 465, "Sale or Use Tax Exemptions", and subsequent cases.
538 S.W.2d at 317.
¶ 10 Among cases citing and relying at least in part on the Connecticut opinion to conclude that there was no intent to exclude from sales tax provisions under similar although not identical "in lieu" statutes are: Celina Mutual Ins. Co. v.Bowers, 213 N.E.2d 175 (Ohio 1965), and Security Life andAccident Co. v. Heckers, 495 P.2d 225 (Colo. 1972). The only case contra we have found is Santa Fe Downs, Inc. v. Bureau ofRevenue, 509 P.2d 882 (N.M. 1973), where the "in lieu" statute specifically exempted from all excise taxes. The authorities are in agreement that a sales tax is an excise tax (see, e.g.,Flynn, Welch Yates v. State Tax Commission, 28 P.2d 889 [N.M. 1934], cited in Santa Fe Downs, supra), and the state sales tax is declared to be an excise tax in our basic sales tax statute:68 O.S. 1354 (1988).
¶ 11 In light of the foregoing we conclude that the "in lieu" or exemption language of 624 is not intended to exempt insurance companies from the state sales tax, where they are purchasing goods or services otherwise subject to sales tax. (The fact that36 O.S. 624 has been amended since its original enactment to apply to domestic as well as foreign insurance companies does not affect our conclusion.)
¶ 12 The statute, 68 O.S. 1370.1 (1988), which authorizes counties of more than 300,000 population to levy a sales tax does not mention any exemptions. The companion and earlier statute,68 O.S. 1370 (1988), which authorizes all other counties to levy a sales tax, however, states that: "All items that are exempt from the state sales tax shall be exempted from any sales tax levied by a county." We do not find that this language or any other language found in the statutes relating to county sales taxes affects the reasoning and analysis we applied above and we conclude that the "in lieu" or exemption language of 36 O.S.624 is not intended to exempt insurance companies from anycounty sales tax.
¶ 13 The statute, 68 O.S. 2701 (1988), which authorizes incorporated cities and towns to levy and collect a sales tax (as well as other taxes) says in pertinent part:
 Any incorporated city or town in this state is hereby authorized to assess, levy, and collect taxes for general and special purposes of municipal government as the Legislature may levy and collect for purposes of state government except ad valorem property taxes. . . . Provided, however, that this act shall not be construed to authorize imposition of any tax upon persons, firms, or corporations exempted from other taxation under the provisions of Title 36 O.S. 348.1, 36 O.S. 624, and 36 O.S. 321 (1961), as amended, by reason of payment of taxes imposed under said sections.
(Emphasis added.)
¶ 14 We interpret the language in the quoted proviso in this statute, particularly that referring to 624, simply to mean that the legislature did not intend for the broad powers to tax granted to municipalities to include the further taxing of the gross premiums of insurance companies already paying the "in lieu" tax of 36 O.S. 624 to the state. It is a universal rule that tax exemption statutes are to be narrowly construed against exemption (see e.g., McDonald's Corp. v. Oklahoma TaxCommission, 563 P.2d 641 Okla. 1977), and we therefore conclude that neither 36 O.S. 624 nor 68 O.S. 2701, supra, exempts insurance companies, when acting as purchaser, from municipal
sales tax. We have found no other pertinent provisions of law that would do so.
¶ 15 Having concluded that the insurance companies subject to36 O.S. 624 are not qualified as exempt purchasers for state, county or municipal sales tax purposes, we do not find it necessary to answer your second question as asked. For your general guidance, however, we cite the U.S. Supreme Court case ofPierce Oil Corp. v. Hopkins, 264 U.S.137, 44 S.Ct. 251,68 L.Ed. 593 (1924), wherein the "incidental burden" of collecting, reporting, etc., taxes laid on a seller even though the taxes are paid by a purchaser, was upheld against a constitutional challenge.
¶ 16 It is, therefore, the official opinion of the AttorneyGeneral that the provisions of 36 O.S. 624 (1988), do not exemptan insurance company from the payment of sales tax, where suchinsurance company is acting as the purchaser of goods or servicesand a sales tax would otherwise be imposed.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
HUGH H. COLLUM ASSISTANT ATTORNEY GENERAL