This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38529

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JAMES YOCUM,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The State appeals the district court's order granting Defendant's motion to suppress the results of a blood draw collected while Defendant was unconscious at the hospital after he crashed his motorcycle. On appeal, the State contends that the warrantless blood draw was reasonable under the exigent circumstances exception to the warrant requirement. We affirm the district court's determination that exigent circumstances did not justify the warrantless blood draw and conclude the district court did not err in suppressing the evidence.

**DISCUSSION**

## I.    Standard of Review

**{2}** "Appellate review of a motion to suppress presents a mixed question of law and fact. We review factual determinations for substantial evidence and legal determinations de novo." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). Likewise, the district court's evaluation of exigency is a mixed question of fact and law that we review de novo. *See State v. Attaway*, 1994-NMSC-011, ¶ 8, 117 N.M. 141, 870 P.2d 103; *State v. Allen*, 2011-NMCA-019, ¶ 14, 149 N.M. 267, 247 P.3d 1152. "The standard for determining exigency is an objective one; the question is whether in a given situation a prudent, cautious, and trained officer, based on facts known, could reasonably conclude swift action was necessary." *Allen*, 2011-NMCA-019, ¶ 15 (internal quotation marks and citation omitted). It is the government's burden to establish exigent circumstances. *Id.*

## II.    The District Court Did Not Err by Suppressing Defendant's Warrantless Blood Draw

**{3}** The State argues that the officer's actions were lawful under *Mitchell v. Wisconsin*, ___ U.S. ___, 139 S. Ct. 2525 (2019), because Defendant was unconscious and the officer had probable cause to suspect Defendant of driving while intoxicated. In *Mitchell*, the defendant was arrested after taking an initial breath test that registered an illegally high blood alcohol concentration (BAC). *Id.* at 2532. He became extremely lethargic while being transported to the police station for a more reliable breath test on different equipment. *Id.* The arresting officer then drove the defendant to a hospital for a blood test, and the defendant lost consciousness on the way and remained unconscious while a blood sample was drawn. *Id.*

**{4}** The Supreme Court considered the constitutionality of the warrantless blood draw under the exigent circumstances exception to the warrant requirement. *Id.* at 2534. The Court determined that there is a "'compelling need' for a blood test of drunk-driving suspects whose condition deprives officials of a reasonable opportunity to conduct a breath test" and that the only question under the exigency doctrine is "whether this compelling need justifies a warrantless search because there is . . .'no time to secure a warrant.'" *Id.* at 2537 (quoting *Missouri v. McNeely*, 569 U.S. 141, 149 (2013)). The Court observed that in many cases involving an unconscious driver, "an officer's duty to attend to more pressing needs may leave no time to seek a warrant," *id.* at 2535, and concluded that officers "may almost always order a warrantless blood test to measure the driver's BAC without offending the Fourth Amendment [of the United States Constitution]." *Id.* at 2539. Nevertheless, the Court declined to adopt a bright-line rule and left intact the fact-specific nature of exigency determinations. *Id.* at 2538.

**{5}** Before turning to our evaluation of the circumstances in this case, we pause briefly to note that *Mitchell* is a plurality opinion. The parties have not addressed in their briefing whether *Mitchell* is binding on us or, more generally, the precedential value we

are to accord plurality decisions. We have likewise found no New Mexico authority that squarely addresses the matter, though our jurisprudence has offered passing—and conflicting—observations. *See Sproul v. Rob & Charlies, Inc.*, 2013-NMCA-072, ¶ 19, 304 P.3d 18 (relying on an earlier majority opinion to evaluate specific jurisdiction because the later opinions relied on by the parties were plurality decisions, which "are not the precedential holdings of the Court"); *State v. Arnold*, 1979-NMCA-087, ¶ 54, 94 N.M. 385, 610 P.2d 1214 (Walters, J., dissenting) ("Finally, New Mexico is not bound by plurality opinions of the United States Supreme Court (or by precedent of federal courts of appeal) which rule upon the limits of federal constitutional rights; and only majority opinions of the Court are controlling with respect to our construction of federal constitutional provisions."), *rev'd on other grounds*, *Arnold v. State*, 1980-NMSC-030, 94 N.M. 381, 610 P.2d 1210; *see also State v. Bullcoming*, 2010-NMSC-007, ¶ 17, 147 N.M. 487, 226 P.3d 1 (discussing the state's argument that a plurality opinion "may be viewed as that position taken by those Members who concurred in the judgment on the narrowest grounds" under the rule announced in *Marks v. United States*, 430 U.S. 188 (1977) (alteration, internal quotation marks, and citation omitted)), *overruled on other grounds by Bullcoming v. New Mexico*, 564 U.S. 647 (2011); Richard M. Re, *Beyond the Marks Rule*, 132 Harv. L. Rev. 1942, 1943 (2019).

**{6}**     Notwithstanding this, *Mitchell* does not provide a bright-line rule for determining whether exigent circumstances exist when a suspected drunk driver is unconscious and cannot consent to a blood draw. 139 S. Ct. at 2539 ("We do not rule out the possibility that in an unusual case a defendant would be able to show that his blood would not have been drawn if police had not been seeking BAC information, and that police could not have reasonably judged that a warrant application would interfere with other pressing needs or duties."). We therefore continue to apply the objective standard articulated in *Allen*.

**{7}**     The State argues that pressing law enforcement needs, as well as Defendant's unconscious condition, were sufficient to establish exigent circumstances. The district court determined that the officer "knew almost immediately he had a felony DUI case and had sufficient time to obtain a search warrant." The district court noted the following: the hospital was within a mile of the accident; the Otero County Sheriff's Department was within a half-mile of the accident; and officers from the City of Alamogordo took over the accident scene. The district court also noted, and the State does not dispute, that search warrants may be obtained electronically, judges and the district attorney's office were available for the issuance of a search warrant, and the Otero County Sheriff's Department and the officer made no attempt to contact anyone regarding a warrant. *See Dydek v. Dydek*, 2012-NMCA-088, ¶ 4, 288 P.3d 872 (stating that when "parties do not challenge the facts as found by the district court . . . we therefore accept them as accurate and controlling").

**{8}**     The State's briefing only presents this Court with the officer's hearing testimony—that he found out about the felony a few moments before Defendant was being airlifted to another hospital. However, we defer to the district court's resolution of conflicting facts on this issue, and after reviewing the record, we hold that sufficient

evidence supports the court's factual findings and conclusions of law. We accordingly affirm the district court's conclusion that the warrantless blood draw was not justified by the exigent circumstances exception. In light of our holding, it is unnecessary to address the remaining issues raised in this appeal.

**CONCLUSION**

**{9}** For the foregoing reasons, we affirm the district court's suppression of Defendant's blood draw and its denial of the State's motion to reconsider the same.

**{10} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**